IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3097-FL

| | |
|---|---|
| GARY DEAN LANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDRE TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Gary Dean Lange (hereinafter "plaintiff") filed this civil rights action, *pro se*, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is plaintiff's motion to appoint particular counsel (DE # 6) and motion "for preliminary order countermanding order of June 29, 2010 and for leave to proceed in forma pauperis" (DE # 8). These matters are ripe for adjudication.

The court begins with plaintiff's request that this court vacate the Clerk of Court's June 29, 2010 order directing prison officials to deduct monthly payments from his inmate trust fund account in order to satisfy the three hundred fifty dollar ($ 350.00) filing fee. Title 28 U.S.C. section 1915(h) defines the term prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Plaintiff has been released from his criminal sentence, and is being detained civilly pursuant to 18 U.S.C. § 4248.

Civil detainees are not prisoners within the meaning of 28 U.S.C. § 1915(h). Michau v. Charleston County, S.C., 434 F.3d 725, 727-28 (4th Cir. 2006). Accordingly, plaintiff does not meet § 1915(h)'s definition of prisoner, and the court vacates its June 29, 2010 order.

The court now addresses plaintiff's motion for leave to proceed *in forma pauperis*. For good cause shown, plaintiff's motion is GRANTED.

With the filing fee issue determined, the court turns to its frivolity review of plaintiff's action. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). The court finds that plaintiff's claim is not clearly frivolous. Accordingly, plaintiff is ALLOWED to proceed on his claim.

Finally, the court considers plaintiff's motion to appoint particular counsel. Specifically, plaintiff requests that this court appoint attorney Mr. James B. Craven, III to represent him in this action. Generally, there is no constitutional right to counsel in civil cases. See Lyles v. Signal, 1997 WL 577651, at 1 (4th Cir. 1997) (unpublished); Caruth v. Pinkney, 683 F.2d 1044, 1048 (7th Cir. 1982), cert. denied, 459 U.S. 1214 (1983). The Fourth Circuit has held that courts may be required to request counsel for *pro se* litigants in "exceptional circumstances." Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for Southern Dist. Of Iowa, 490 U.S. 296, 300 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. (citing Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)).

Plaintiff states that exceptional circumstances exist in this case because he has diagnosed learning disabilities, borderline intelligence, and several physical ailments. Plaintiff also states that

he currently is utilizing a jailhouse lawyer that may not be available in the future. Plaintiff, however, has filed a clear complaint, along with an affidavit and several exhibits. It appears from these pleadings that, to the extent plaintiff is unable to prepare pleadings on his own, he has secured competent assistance. Accordingly, the court finds that plaintiff has the capacity to proceed on this claim without the appointment of counsel. See Harris v. Salley, 339 Fed. Appx. 281, 2009 WL 2358852, at *2 (4th Cir. Aug. 3, 2009) (unpublished) (finding appointment of counsel not required where the plaintiff's claims were not complicated and he demonstrated the capacity to present those claims adequately in his court filings). Based upon the foregoing, the undersigned finds that this case does not presently require appointment of counsel, and that plaintiff's motion is DENIED.

In sum, plaintiff's motion to appoint particular counsel (DE # 6) is DENIED. However, plaintiff's motion "for preliminary order countermanding order of June 29, 2010 and for leave to proceed in forma pauperis" (DE # 8) is GRANTED. The Clerk of Court is DIRECTED to refund the portions of the filing fee already paid by plaintiff. Additionally, the Bureau of Prisons is DIRECTED to discontinue collecting funds, to pay the filing fee, from plaintiff's inmate trust fund account. Finally, plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED. The Clerk of Court is DIRECTED to issue summons for defendants.

SO ORDERED, this the 25 day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge