IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3097-FL

| | | |
|---|---|---|
| GARY DEAN LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDRE TAYLOR; TRACY JOHNS; | ) | |
| SWANSON, MARTIN & BELL, LLP; | ) | |
| and DIOCESE OF SPRINGFIELD, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the court on the motion to dismiss (DE # 26) pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants Andre Taylor ("Taylor") and Tracy Johns ("Johns"). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants the motion to dismiss filed by Taylor and Johns.

**STATEMENT OF THE CASE**

On June 11, 2010, plaintiff filed this *pro se* complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Taylor and Johns, as a well as the law firm of Swanson, Martin, & Bell ("Swanson, Martin, & Bell") and the Catholic Diocese of Springfield, Illinois (the "Diocese"). Plaintiff asserted that defendants violated his rights pursuant to the Fourth and Fifth Amendments to the United States Constitution. Plaintiff also contends defendants conspired to deny him a fair trial in his litigation pursuant to 18 U.S.C. § 4248, and that they violated his rights pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

On January 3, 2011, plaintiff entered into stipulations of dismissal with both Swanson, Martin, & Bell and the Diocese. Accordingly, Swanson, Martin, & Bell and the Diocese no longer are parties in this action.

On March 4, 2011, Taylor and Johns filed a motion to dismiss plaintiff's remaining action, arguing that plaintiff failed to state a claim upon which relief may be granted. Alternatively, Taylor and Johns assert the defense of qualified immunity. Although he was notified of the motion to dismiss, plaintiff failed to respond.

## STATEMENT OF FACTS

The facts viewed in the light most favorable to plaintiff are as follows. On November 15, 2007, plaintiff, a then federal inmate incarcerated at the Federal Correctional Institution in Butner, North Carolina ("Butner"), filed a state civil action against the Diocese in Sangamon County Circuit Court in Springfield, Illinois. The Dioceses retained the law firm of Swanson, Martin, & Bell to represent them in the Illinois state action.

On May 19, 2008, a representative of the United States' Attorney General certified plaintiff as sexually dangerous under the civil commitment provisions of the Adam Walsh Child Protection and Safety Act. See 18 U.S.C. § 4248. On May 21, 2008, plaintiff was released from his criminal sentence, and now is being detained civilly at Butner pursuant to 18 U.S.C. § 4248.

On October 21, 2008, an attorney from Swanson, Martin, & Bell deposed plaintiff as part of plaintiff's Illinois state civil action. The firm deposed plaintiff for a second time on March 27, 2009. Taylor was present at both depositions. On October 31, 2008, Swanson, Martin, & Bell sent plaintiff and Taylor a copy of the transcript from plaintiff's first deposition. Swanson, Martin, & Bell then, on April 14, 2009, sent plaintiff and Taylor a copy of plaintiff's second deposition.

2

On November 20, 2009, plaintiff discovered that the transcripts from both his October 31, 2008, and March 27, 2009, depositions were contained in his central inmate file. On November 27, 2009, plaintiff moved for a protective order in the Illinois state action. Compl. Ex. F. In addition to pursuing a protective order, plaintiff submitted two administrative remedy requests to the federal Bureau of Prisons ("BOP"), both of which were unanswered.

On February 9, 2010, the Illinois state court dismissed plaintiff's case against the Diocese and granted plaintiff's motion for a protective order. The protective order sealed the two depositions and prohibited the Illinois defendants from copying, distributing, or in any fashion disseminating the deposition transcripts or any of the information contained therein. See Compl. Exs. F, G.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when

3

accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B.  Analysis

  1.  Privacy Act Claim

Taylor and Johns assert that plaintiff's Bivens action should have been brought pursuant to the Privacy Act, 5 U.S.C. § 552a. The Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The Privacy Act permits an individual to request an amendment to a record pertaining to him and requires the agency either to promptly correct the record or to explain its reasons for refusing to amend. Id. § 552a(d)(2). An individual may bring a civil action if the agency declines to amend the record or fails to maintain accurate records and the plaintiff suffers an adverse determination as a result of the agency's decision. Id. § 552a(g)(1)(C). A plaintiff can recover monetary damages if the agency's conduct was intentional or willful. Id. § 552a(g)(4). Moreover, courts generally decline to imply a Bivens right of action against individual officers for conduct that would be actionable under the Privacy Act. See 5 U.S.C. § 552a; Carter v. Fed. Bureau of Prisons, 2007 WL 870120, at *14 (N.D.W. Va. Mar. 20, 2007), aff'd, 251 F. App'x 247 (4th Cir. 2007) (holding that special factors precluded the creation of a Bivens remedy for failure to maintain accurate records because the matter is "expressly addressed and regulated by the Privacy Act."); Downie v. City of Middleburg Heights, 301 F.3d 688, 698 (6th Cir. 2002).

In this case, plaintiff seeks to bring an action based upon the alleged failure of Taylor and

4

Johns to amend his records. Because plaintiff's action would be actionable pursuant to the Privacy Act, he may not proceed pursuant to Bivens.

The court now examines plaintiff's action pursuant to the Privacy Act. Unlike Bivens, which authorizes private civil actions against individual persons, the Privacy Act only authorizes actions against an agency. See 5 U.S.C. § 522a(g)(1)(C). Taylor and Johns are individuals, and not agencies. Thus, plaintiff fails to state a claim upon which relief may be granted against Taylor and Johns.

Plaintiff has not named the BOP as an agency in this action. However, even if plaintiff had named the BOP, he still would not be entitled to relief. The Privacy Act allows certain government agencies to promulgate regulations that "exempt any system of records within the agency from any part of [the Act,]" excepting certain subsections unrelated to this action. See 5 U.S.C. § 552a(j). The BOP's inmate central records system is expressly exempt from the accuracy, the amendment, and the remedy provisions of the Privacy Act. See 28 C.F.R. § 16.97(j) (exempting inmate "central records" from accuracy requirement of § 552a(e)(5)); 28 C.F.R. § 16.97(a)(4) (exempting inmate "central records" from amendment provision of § 552a(d)(2) and remedy provision of § 552a(g)); Parks v. Bureau of Prisons, 2006 WL 771718, at *1 (W.D. Va. Mar. 23, 2006) (report of inmate's escape attempt exempt from Privacy Act). Accordingly, any claim pursuant to the Privacy Act against the BOP would be DISMISSED for failure to state a claim upon which relief may be granted.

2. Bivens Claims

Even if plaintiff could proceed pursuant to Bivens, plaintiff still would not be entitled to relief because Taylor and Johns would be entitled to qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two--pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808 (2009). A court has discretion to decide which step of the two--prong test to analyze first. Pearson, 129 S.Ct. at 821.

      a.      Fourth Amendment

The court first addresses whether Taylor and Johns violated plaintiff's constitutional rights pursuant to the Fourth Amendment. The Fourth Amendment infers a limited right to privacy of confidential information. See Doe v. Delie, 257 F.3d 309, 316-17 (3d Cir 2001) (holding "the constitutional right to privacy in one's medical information exists in prison.") Additionally, the United States Supreme Court has held the Fourth Amendment protects against the "recording of oral statements overheard without any technical trespass . . . ." Katz v. United States, 389 U.S. 347 (1967) (quotation omitted). However, the Court provides "[w]hat a person knowingly exposes to

6

the public, even in his own home or office, is not a subject of Fourth Amendment protection." Williams v. Carney, 157 F. App'x 103, 107 (11th Cir. Oct. 19, 2005) (finding claimant who made statements at aborted deposition, with knowledge that they were being recorded, did not have expectation of privacy sufficient to support claim that recording violated his Fourth Amendment rights).

In this case, plaintiff's deposition testimony consisted of statements that he knowingly made at his depositions. Accordingly, there is no Fourth Amendment right to privacy that prohibits Taylor and Johns from keeping copies of an inmate's voluntary deposition in that inmate's central file. Without a clear right to privacy under these circumstances, a reasonable officer in this situation would consider his conduct lawful. Thus, Taylor and Johns are entitled to qualified immunity for this claim.

b.  Fifth Amendment Claim

The court now turns to plaintiff's Fifth Amendment claim. Plaintiff alleges Taylor and Johns violated his Fifth Amendment right to protection against compelled self-incrimination and right to equal protection.

Beginning with plaintiff's self-incrimination claim, plaintiff states Taylor and Johns violated this constitutional right because their unlawful possession of the deposition transcripts "circumvents" him from asserting the Fifth Amendment in his action pursuant to § 4248. The Fifth Amendment privilege against self-incrimination is not self-executing and must be affirmatively claimed by a person whenever self-incrimination is threatened. Minnesota v. Murphy, 465 U.S. 420, 428-429 (1984); Roberts v. United States, 445 U.S. 552, 559 (4th Cir. 1980). Further, the Fifth Amendment right is not implicated when the declarant's statements are voluntary. Bruette v. Montgomery

7

County, Maryland, 70 F. App'x 88, *4 (4th Cir. June 24, 2003).

Here, plaintiff voluntarily made the statements he now seeks to protect at his Illinois depositions. Because plaintiff voluntarily participated in the Illinois depositions and did not invoke his Fifth Amendment privilege, he waived his Fifth Amendment right to protection from self-incrimination.[1] Further, in the absence of a waiver, plaintiff has not alleged facts to demonstrate how Taylor or Johns violated his Fifth Amendment rights. Based upon the foregoing, plaintiff failed to allege that Taylor and Johns violated a clearly established statutory or constitutional right of a which a reasonable person would have known. Thus, they are entitled to qualified immunity for this claim.

As for plaintiff's Fifth Amendment equal protection claim, plaintiff again fails to state a constitutional claim. To succeed on an equal protection claim, a plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Here, plaintiff has not stated that he was treated differently from any person with whom he is similarly situated, nor has he provided any factual allegations whatsoever to support his claim. Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). There is a minimum level of factual support required. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Because plaintiff has not provided any allegations to support his equal protection claim, his claim

---

[1] The court notes that it is making no determination as to whether plaintiff may assert his Fifth Amendment right against self-incrimination in his proceedings pursuant to 18 U.S.C. § 4248. Additionally, the court notes the Fourth Circuit has confirmed that § 4248 proceedings are civil rather than criminal in nature. United States v. Tims, __F.3d__, 2012 WL 34477, *15 (4th Cir. Jan. 9, 2012).

8

Case 5:10-ct-03097-FL  Document 29  Filed 01/27/12  Page 8 of 10

is without merit.

        c.      Conspiracy

Plaintiff alleges Taylor and Johns conspired to deny him a fair trial pursuant to 18 U.S.C. § 4248. To state a claim for civil conspiracy under § 1983, a party must allege "that [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must allege facts that would "reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Id. Conclusory allegations are not sufficient to state a claim for conspiracy. Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1007 (4th Cir. 1987). Because plaintiff has not provided any factual support for his conspiracy claim, he failed to state a claim. Thus, this claim is DISMISSED.

3.      Rule 26 Claim

Plaintiff alleges a cause of action against Taylor and Johns arising out of their alleged violation of Federal Rule of Civil Procedure 26(b)(5)(B). Rule 26(b)(5)(B) provides:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B). Rule 26 is a Rule of Federal Civil Procedure, which applies only to

9

Case 5:10-ct-03097-FL   Document 29   Filed 01/27/12   Page 9 of 10

is without merit.

    c.    Conspiracy

Plaintiff alleges Taylor and Johns conspired to deny him a fair trial pursuant to 18 U.S.C. § 4248. To state a claim for civil conspiracy under § 1983, a party must allege "that [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must allege facts that would "reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Id. Conclusory allegations are not sufficient to state a claim for conspiracy. Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1007 (4th Cir. 1987). Because plaintiff has not provided any factual support for his conspiracy claim, he failed to state a claim. Thus, this claim is DISMISSED.

3.    Rule 26 Claim

Plaintiff alleges a cause of action against Taylor and Johns arising out of their alleged violation of Federal Rule of Civil Procedure 26(b)(5)(B). Rule 26(b)(5)(B) provides:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B). Rule 26 is a Rule of Federal Civil Procedure, which applies only to

9

Case 5:10-ct-03097-FL   Document 29   Filed 01/27/12   Page 9 of 10

federal civil actions. The alleged disclosure of privileged documents occurred in an Illinois state court, and not in a federal proceeding. This court may not address the violation of a Federal Rule of Civil Procedure in a separate state action. See Rowland v. Patterson, 852 F.2d 108, 110 (4th Cir. 1988) ("Federal courts apply federal rules of procedure, both those promulgated in the Federal Rules of Civil Procedure as well as wholly judge made procedural rules . . . .") Thus, Federal Rule of Civil Procedure 26 is not applicable.

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by Taylor and Johns (DE # 26) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 27th day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge